Per Curiam.

It is petitioner’s contention that his sentence for burglary ran concurrently with his sentence for malicious entry, and that, therefore, his term has expired.
*181 Petitioner argues that, since the entry of sentence was silent as to how his sentences should run, they ran concurrently. He bases this argument in part on the provisions of Section 2941.43, Revised Code, which are as follows:
“If the convict referred to in Section 2941.40 of the Revised Code is acquitted, he shall be forthwith returned by the sheriff to the penitentiary to serve out the remainder of his sentence. If he is sentenced to imprisonment in the penitentiary, he shall be returned thereto by the sheriff and the term of his imprisonment shall begin at the expiration of the term for which he was in prison at the time of his removal. If he is sentenced to death, such sentence shall be executed as if he were not under sentence of imprisonment in the penitentiary.”
Apparently, petitioner’s idea is that the only time consecutive sentences may be imposed is when the convict falls within the meaning of this section. However, in the absence of statute, it is a matter solely within the discretion of the sentencing court as to whether sentences shall run consecutively or concurrently.
Inasmuch as making sentences for different crimes run concurrently is in the nature of a reward to the convict, relieving him of paying a part of the penalty for his crimes, it follows that a positive act is required on the part of the sentencing court to cause sentences to run concurrently; and, in the absence of such action, if the entry is silent as to how sentences shall run, it is presumed such sentences will run consecutively. King v. Maxwell, Warden, 173 Ohio St., 536; and Henderson v. James, Warden, 52 Ohio St., 242.
Petitioner refers further to Section 2965.35, Revised Code, which provides:
“A person serving several indeterminate sentences consecutively shall become eligible for parole upon the expiration of the aggregate of the minimum terms of his several sentences less the diminution of the minimum sentence provided for in Section 2965.31 of the Revised Code. Where the aggregate of the minimum terms is longer than 15 years, eligibility for parole shall be determined in accordance with Section 2965.23 of the Revised Code. For the purpose of this section, a person is serving consecutive sentences whenever a court specifies that any sentence begin at the completion of another sentence, whether or not any *182 such, sentences are (is) to be served in a reformatory or a penitentiary or both.”
It is petitioner’s theory that the effect of this section is to cause sentences to run concurrently unless the trial court specifies that they are to run consecutively. This section does not affect the imposition of sentences by the trial court nor does it provide that all sentences shall run concurrently unless otherwise specified by the trial court. Petitioner is confusing the matter of eligibility for parole with what will constitute payment of his debt to society for the crimes he has committed.
The operation of Section 2965.35, Revised Code, so far as it relates to consecutive sentences, is confined solely to matters of parole and has no effect on the question whether the convict can be required to serve separate sentences imposed on him for different crimes, concurrently or consecutively.
Here, the petitioner’s sentences, in the absence of a specification to the contrary, run consecutively, and petitioner has not established his right to relief therefrom.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.